IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT CARMAN,

      Plaintiff,

vs.                                                       CIV No.00-1469 MV/DJS

CITY OF ESPANOLA,
CITY OF ESPANOLA
POLICE DEPARTMENT

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand to State Court, filed November 17, 2000 **[Doc. No. 7]**. The Court, having considered the motion, response, reply, relevant law and otherwise being fully informed, finds that the motion is well taken and will be **granted.**

Plaintiff filed this suit in the First Judicial District Court, County of Santa Fe, State of New Mexico, alleging false arrest, false imprisonment, prosecutorial misconduct, judicial misconduct, malicious prosecution, assault, battery, deprivation of rights guaranteed by the New Mexico Constitution, and intentional infliction of emotional distress. Defendant removed this action to federal court, claiming that Plaintiff's complaint raised a federal question.

Plaintiff's motion to remand states that plaintiff has not stated a federal question, and seeks only to vindicate his rights under New Mexico law. Defendant responded that it does not object to a remand if plaintiff stipulates that no federal claims are raised in Plaintiff's amended complaint. Defendant also requests that Plaintiff amend his complaint to delete paragraph 32,

which states:

> Defendants have failed to adequately train and supervise its police officers resulting in a continued and deliberate violation of, and indifference to, the constitutional rights of the City of Espanola inhabitants and visitors.

Defendant believes that this paragraph states a cause of action under 42 U.S.C. § 1983. Plaintiff replied that it stipulates that there are no federal law claims being raised in his amended complaint, but that he will not delete paragraph 32 of his complaint because he believes it states a claim that is actionable under New Mexico law.

The parties agree that there are no federal claims being raised in this action. Therefore, this Court does not have jurisdiction to hear plaintiff's claims. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Catepillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. Federal courts are instructed to use caution when exercising removal jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941) (noting that the need for strictly limiting the removal jurisdiction of the federal courts arises out of respect for the sovereignty of state governments and protection of state judicial power), that any doubts are to be resolved in favor of remand. *Laughlin v. K Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Because "plaintiff is the master of the claim," and has sought to avoid federal jurisdiction by exclusive reliance on state law, the Court will remand the case to the First Judicial District Court, County of Sante Fe, State of New Mexico. Plaintiff need not delete paragraph 32 of his amended complaint. To remand, it is sufficient that plaintiff states that he seeks only to vindicate his rights under New Mexico law.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court is **granted.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff
*Pro Se*

Attorney for Defendant
R. Galen Reimer